## Loomis *versus* Fry.

1. A mechanics' lien to bind the estate of a married woman must show on its face every requisite to make it a valid claim against her.

2. If a mechanic or material man would successfully charge the estate of a *feme covert* for work and labor done or materials furnished, he must not only prove on the trial, but also set forth in his claim filed, that such work or material was necessary for the improvement or repair, as the case may be, of her separate estate.

3. Kuhns et ux. *v.* Turner, 36 Leg. Int. 37, followed.

October 21st 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas of *Erie county:* Of October and November Term 1879, No. 239.

Scire facias sur mechanic's lien issued by A. T. Loomis against Elizabeth Fry and George E. Fry.

The lien as filed was as follows:—

"In this case the land hereinafter described belongs to the wife, Elizabeth Fry, and she contracted for the construction of the building, and contracted for the material and became personally liable for the material furnished, as is hereinafter stated. A. T. Loomis hereby files his claim or statement of demand for material furnished for and about the erection and construction of the building hereinafter mentioned, and against the land covered by said building and so much other land immediately adjoining thereto and belonging to the said Elizabeth Fry as is appurtenant to the same. The name of the claimant is A. T. Loomis. The name of the owner is Elizabeth Fry, and her husband, George E. Fry. The name of the contractor is John Mehl. The amount claimed to be due is as follows, to wit: $144.75 for stone, brick and sand furnished for said building within six months past. The amount and dates are hereto attached in a schedule annexed. The store and building is built and constructed on all that certain piece of land situated in the first section of the city of Erie, Erie county, Pennsylvania, bounded and described as follows, &c. * * * The building is a two-story brick building, twenty-one feet front and one hundred feet deep. The lien is against the said land and building, and is filed against the said Elizabeth Fry's interest as the owner and contractor for said building and the material furnished by the claimant.

"Witness my hand this 23d day of April 1878.

"A. T. LOOMIS."

Then follows a bill of particulars, to which was appended the following:—

"The above and foregoing material was for the said building at the special instance and request of Elizabeth Fry, and the contractor and builder, John Mehl.　　　　A. T. LOOMIS."

[Loomis *v.* Fry.]

Elizabeth Fry moved to strike off the lien for the reasons: 1. That it does not set forth that the material claimed to have been furnished was necessary for the proper improvement or repair of the separate estate of said Elizabeth Fry. 2. That the material was furnished on the credit of the building. 3. That the material was actually applied to the improvement of the separate estate of the said Elizabeth Fry.

The court made the rule to strike off absolute, in an opinion saying :—

" To bind the separate estate of a married woman, the lien filed by a mechanic or material-man should contain all the averments necessary to bring the claim within the spirit and meaning of the Act of 11th April 1848. It is not enough to aver that the contract was made by her and the work and material done and furnished at her request, but it should appear distinctly and affirmatively that they were for the improvement of her separate estate. This is settled in the recent case of Shannon *v.* Schultz, 6 Norris 481. The rule is made absolute."

This action of the court was assigned for error by plaintiff, who took this writ.

*Benson & Brainerd*, for plaintiff in error.

*Frank Gunnison*, for defendants in error.

The judgment of the Supreme Court was entered, November 3d 1879,

PER CURIAM.—It has been uniformly held by this court that a mechanic's lien to bind the estate of a married woman must show on its face every requisite to make it a valid claim against her. In Kuhns and Wife *v.* Turney, 6 Norris 497, our brother GORDON, after an exhaustive review of the cases, says, in the opinion of the court delivered by him : " It follows that if a mechanic or material-man would successfully charge the estate of a *feme covert* for work and labor done, or materials furnished, he must not only prove on the trial, but also set forth in his claim filed, that such work or material was necessary for the improvement or repair, as the case may be, of her separate estate." In this respect the lien filed in this case was defective, and the court below therefore were right in striking it from the record.

Judgment affirmed.